**HANSON ET AL. vs. CITY COUNCIL OF LAFAYETTE.**

ON AN APPLICATION FOR A RE-HEARING.

Eastern Dis.
May, 1841.

HANSON ET AL.
vs.
CITY COUNCIL OF
LAFAYETTE.

A re-hearing allowed on the question of damages, respecting the *right* of the plaintiffs, as front proprietors, to be paid for the property taken or destroyed in making the new levee.

*Roselius & L. Pierce,* on the part of the plaintiffs, solicited a re-hearing in this case. They insisted on it because the court had decided the whole case, when it was only tried in part in the court below; and the question decided by that court could alone be appealed from. The question of damages was by consent of parties reserved until the right of the defendants to make the levee should be first decided. It is true the court rejects the claim for damages, but in doing so, it assumed original jurisdiction, and acted on a matter not before it. We certainly have a right to be heard upon this subject before we are condemned; for even admitting that the plaintiffs have no right to the exclusive use and ownership of their property, yet it is not so very clear that the houses which they have built on the faith of the proceedings of the Police Jury, can be demolished over their heads without indemnity; nor is it so very plain that the municipal corporation having by its ordinance of the 5th June, 1833, induced the plaintiffs to believe that only forty feet fronting the river and parallel with it, was required for the use of the public, *is not* responsible for the damages thus occasioned. At all events we take it that these are questions of sufficient importance to the parties to afford them an opportunity of being heard in support of what they may conceive to be their rights. The agreement and reservation is found at page 18 of the record.

2. In deciding the merits of this case, we humbly conceive the court has fallen into an error of fact. Had the plaintiffs' counsel entertained the most distant idea that their clients were trespassers on the public domain, they never would have instituted this suit. That formerly the levee was further from the river, than that which now exists, is not denied, but that the

EASTERN DIS.
May, 1841.

HANSON ET AL.
vs.
CITY COUNCIL OF
LAFAYETTE.

present levee in front of the plaintiffs' property had existed and been kept in repair for the last fifteen years, under police regulations and the ordinances of the City Council is establish-ed by the evidence. One witness says that in 1836 the re-pairing of the levee in front of plaintiffs' property was adjudi-cated to him, under an ordinance of the City Council of La-fayette. The plan of the city of Lafayette was made in 1824, and the plaintiffs' property is represented thereon with the levee in front of it. Another witness declares that the streets ran through the former levee in 1827. The plan of Livaudais was made in 1832; submitted to the Police Jury and approved by that body, who also approved of the levee in front of the plaintiffs' buildings. This is confirmed by the testimony of the city surveyor. With what truth it can be asserted, with these incontrovertible facts before us, " *that the plaintiffs ap-pear to have built their houses on the levee or outside of it; by doing so they became violators of the law and of public rights, and must take the consequences of their own deeds,*" we con-fess ourselves unable to conceive. It is true, if the gossiping of some of the witnesses is alone considered, there may be some foundation for the assertion. But when we look to the acts of the defendants themselves, we are led to a different conclusion. The present levee was established by the original founders of the city of Lafayette and Faubourg Livaudais, and was ap-proved of by the Police Jury. The Municipal Council has constantly recognized its existence by keeping it up and re-pairing it since the incorporation of the city. In the spring of 1840, owing to the extraordinary and unprecedented rise of the river, the Council determined to make a new levee; consider-ing that the old one was insufficient. This in itself is an admis-sion on their part that an old levee existed.

The counsel then go into a critical examination of the loca-tion of the new levee, the position and situation of the plaintiffs' property, and the legality of the ordinances and proceedings of the City Council. They conclude with the expression of their belief that the court acted under the erroneous impression that the

plaintiffs' property was burthened with a servitude in favor of the public and could be taken and used for the purposes intended by the city authorities of Lafayette. The question is a grave and important one; it is whether the private property of the plaintiffs shall be taken for public purposes, without indemnity? They respectfully submit the question for a re-hearing to the court.

EATSERN DIS.
*May,* 1841.

HANSON ET AL.
*vs.*
CITY COUNCIL OF
LAFAYETTE.

*Garland, J.* delivered the opinion of the court.

The court refuse to grant a re-hearing upon all the points set forth in the petition of the plaintiffs except one.

When the case was before us, it was elaborately argued as to the power to demolish the buildings on the levee and bank of the river, and as to the question whether it could be done without paying damages. Various articles of the Code were referred to, and a long argument followed to prove the plaintiffs were entitled to damages in consequence of the ordinance of June 5th, 1833, entitled " an ordinance relative to the public levee." It was never once intimated that the whole case was not before the court, and had we been of opinion that the plaintiffs were entitled to damages and remanded the cause to have them ascertained, it is probable we should not have heard of this ground for a re-hearing. After an opinion has been drawn from the court by arguing points not before it, we are then told by the party presenting those points, the case " was only tried in part in the court below, and the question decided by that court was and could alone be appealed from. The question of damages was by consent of parties reserved until the right of the defendants to make the levee should be first decided." The court is then charged with assuming original jurisdiction and acting upon a matter not before it, and we are referred to an agreement contained in about a line and a half, copied into the record at the end of the evidence of a witness who had been under examination, and appearing more as a part of his statement than an agreement of parties or coun-

EASTERN DIS. sel, which says, "*It is agreed that every thing but the ques-*
May, 1841. *tion of possession be reserved.*" The index does not show any
LEREY, such agreement existed, and the counsel on neither side noticed
vs. it. It was, in the examination of a voluminous record, over-
MUNICIPALITY
NO. 3. looked, and the plaintiffs now claim the benefit of it. We
shall not withhold from them any point on which they are enti-
tled to be heard, but the circumstances of this case will induce
us in future, to look more closely to the course of practice pur-
sued by the counsel for the plaintiffs.

A re-hearing is therefore allowed upon the question of da-
mages; and our entertaining the action is confined to that point
alone. This delay or application is not to prevent the execu-
tion of the ordinance of the City Council of the city of La-
fayette relative to the construction of the levee, which was en-
joined.